## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| ALEX KONTOS FRUIT CO., INC., | |
| Plaintiff, | |
| v. | Case No. |
| DOUG SPECIALTIES LLC, and DOUGLAS J. HABE, each individually, | |
| Defendants. | |

### COMPLAINT

For its complaint, the plaintiff respectfully states as follows:

### THE PARTIES

1.      Alex Kontos Fruit Co., Inc. ("*Plaintiff*") is an Alabama corporation with its principal place of business located at 444 Finley Ave. W., Birmingham, Alabama 35204.

2.      Plaintiff buys and sells wholesale quantities of perishable agricultural commodities (hereinafter "*Produce*") in both interstate and foreign commerce.

3.      Plaintiff trades in fresh fruit and vegetable commodities ("*Produce*") that the United States Department of Agriculture ("*USDA*") expressly recognize as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t ("*PACA*").

4.      At all times relevant hereto, Plaintiff was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

5.      At all times relevant hereto Plaintiff operated its business under a valid USDA issued PACA License, which the USDA has identified as License No.: 19005891.

6.    Defendants are:

(a)    Doug Specialties LLC t/a Fresh Vegetable, Inc. and a/k/a Doug Specialties Farmer's Market (the "*Company*"), is a Florida limited liability company with its principal place of business located at 3480 NW 27th Ave., E3, Pompano Beach, Florida 33069.  At all times relevant to this action:

(i)    Company was owned and operated by Douglas J. Habe, and Habe was the sole member of the Company;

(ii)    Company operated, conducted, and otherwise was engaged in the business of buying and selling Produce in interstate and foreign commerce;

(iii)    Company was and is the holder of PACA license number 20180118[1], which the USDA issued to Company on or about November 7, 2017;

(iv)    Company is a "dealer" of Produce as defined by PACA;

(v)    Company is the corporate trustee of the PACA trust;

(vi)    Company sold Plaintiff's Produce to third parties within, *inter alia*, the State of Florida and in the ordinary course of its Produce related business;

(vii)    Company acted by and through its officers, managers, members, and agents and otherwise participated in the tortious conduct or other wrongs set forth herein.

---

[1] A true and correct copy of the Company's PACA license is attached hereto as <u>Exhibit A</u>.

(b)    Douglas J. Habe ("*Principal*"), upon information and belief[2], is a resident of and domiciled in the State of Florida, and at all times relevant hereto:

    (i)    was and is, upon information and belief, the sole member of Company;

    (ii)    was and is identified on the 2023 Florida Limited Liability Company Amended Annual Report[3] as both the "CEO" and registered agent of Company;

    (iii)    was and is an officer or manager of Company;

    (iv)    was and is identified on the PACA license of Company as a "Reported Principal" of that entity; and

    (v)    was and is in a position to exercise dominion and control over Company and otherwise participated in the tortious conduct or other wrongs set forth herein.

7.    Company and Principal shall hereinafter be collectively referred to as the "*Defendants*."

---

[2] On or upon "information and belief," as used herein, means Plaintiff is informed and believes a fact or condition to be true and, upon such information and belief, alleges the fact or condition in connection with the instant complaint. Plaintiff's information and beliefs are based upon investigation and derived from such sources as: Plaintiff's conversations with Defendants, e-mail or text message correspondence with Defendants, publicly available government documents, relevant statements or information contained on Defendant owned or controlled websites or social media platforms, Plaintiff and Defendants' relevant produce transaction documents, documents Defendants provided Plaintiff, and relevant third-party documents.

[3] A true and correct copy of Company's 2023 Florida Limited Liability Company Amended Annual Report filed with the Florida Secretary of State is attached hereto as Exhibit B.

8.      At all times relevant hereto, Company was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

9.      The USDA provides a list of perishable agricultural commodities covered under PACA, [4] which includes tomatoes.

10.     Plaintiff sold Defendants, and Defendants bought from Plaintiff, perishable agricultural commodities comprised of fresh tomatoes.  *See* Chart and Unpaid Invoices, attached hereto and incorporated herein as <u>Exhibit C</u>.  As such, Defendants' Produce transaction with Plaintiff involved Produce the USDA expressly recognizes as covered commodities under PACA.

11.     At all times relevant hereto, Company acted or failed to act by and through Principal.

12.     As a PACA licensee and dealer of Produce, the acts, omissions, or failures of its Principals, employees, or agents constitute acts, omissions, or failures of Company.

## <u>JURISDICTION AND VENUE</u>

13.     The District Court has subject matter jurisdiction over this civil action arising under 7 U.S.C. § 499e(b)(2) and pursuant to 28 U.S.C. § 1331.

14.     The District Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1337 because PACA qualifies as an "Act of Congress regulating commerce" and several of Plaintiff's claims herein arise under 7 U.S.C. § 499e(b)(2), 7 U.S.C. § 499p, and 7 C.F.R. § 46 *et seq*.

---

[4] The USDA's Agricultural Marketing Service maintains and updates, in the ordinary course of its business, a complete list of the USDA's PACA covered commodities online at: https://www.ams.usda.gov/sites/default/files/media/Commodities%20Covered%20by%20PACA.pdf.

15.     The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

16.     The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

17.     Venue in this district is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is or was situated within this district.

## NATURE OF THE CASE

18.     This is a civil action for monetary and injunctive relief, pursuant to which Plaintiff seeks to enforce its rights against the Defendants under both PACA's Trust and Unfair Conduct provisions and further seeks to enforce its rights under state law (e.g., breach of contract, breach of fiduciary duty and tortious interference with receipt of trust assets).

19.     As set forth in detail herein, Plaintiff is the holder of a properly perfected PACA trust claim in the current amount of not less than $53,075.04, plus further interest at the statutory rate of 1.5% per month (18% APR) and costs of collection, including attorneys' fees, as sums owing in connection with the Plaintiff's unpaid Produce transactions with Company.

20.     Further, Defendants have committed willful, repeated, and flagrant violations of Section 2 of PACA (i.e., Unfair Conduct provisions) and, as a direct result of said violations, Plaintiff has incurred damages of not less than $53,075.04, plus further interest at the statutory rate of 1.5% per month (18% APR) and costs of collection, including attorneys' fees, as sums owing in connection with the Plaintiff's unpaid Produce transactions with Company.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

21.     Plaintiff utilized the unpaid invoices contained in Exhibit C to perfect and otherwise preserve its PACA trust rights in and to each load of Produce listed therein and Company's PACA trust assets.

22.     Plaintiff's unpaid invoices each contained the following language preserving its beneficial interest in and to the Company's PACA trust assets:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 USC § 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other produces derived from these commodities, and any receivables or proceeds from the sale of the commodities until full payment is received.

*See* Exhibit C.

23.     Plaintiff's unpaid invoices also provided that: "Any claims for shortage, damage or condition will not be honored unless the problem is reported IN WRITING to Alex Kontos Fruit Co., Inc. within EIGHT (8) HOURS of receipt of the product AND either (a) a TIMELY USDA INSPECTION is performed on the product, or (b) you receive WRITTEN waiver of inspection from Alex Kontos Fruit Co., Inc." *See* Exhibit C (emphasis in original).

24.     Plaintiff and Company further agreed that: "Buyer acknowledges and agrees that interest shall accrue on any past-due account balance at the rate of 1.5% per month (18% per annum), or at the maximum allowable rate under applicable law, until such time as full payment is received. In the event any collection or other action becomes necessary to enforce any right under this agreement, Buyer acknowledges and agrees to pay all costs of collection or enforcement, including reasonable attorneys' fees.  Buyer further acknowledges that all attorneys' fees, costs, and interest accrued hereunder or in connection with collection of sums due under this agreement are considered sums owing in connection with this transaction under the PACA trust."

25.     The Company failed to object to Plaintiff's inclusion of the additional contract language quoted in paragraphs 22, 23, and 24 above as a material part of the parties' agreement.

26.     The additional contract language quoted in paragraphs 22, 23, and 24 above represents a material part of Plaintiff's standard contract terms.

27.     Plaintiff's inclusion of the additional contract language quoted in paragraphs 22, 23, and 24 above represents a standard industry practice and, as such, is of no surprise to Company.

28.     Plaintiff's inclusion of the additional contract language quoted in paragraphs 22, 23, and 24 above represents bargained for terms and the sums detailed therein are sums owing in connection with the Produce transaction.

29.     Plaintiff is an unpaid supplier of Produce because the Defendants failed to pay for any of the Produce identified in the unpaid invoices contained in <u>Exhibit C</u>.

30.     Defendants failed to pay or otherwise deliver good funds to the Plaintiff in the amount set forth in <u>Exhibit C</u>, despite repeated demands from the Plaintiff.

**COUNT I**

**<u>ENFORCEMENT OF THE PACA TRUST</u>**

**COMPANY & PRINCIPALS**

31.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 30 as though fully set forth herein.

32.     The Company and Principals were in possession, custody and control of the Produce Plaintiff sold to Company and all assets derived from the Defendants' subsequent sale of that Produce, including, without limitation: (i) food or products derived from Produce; (ii) accounts receivable; (iii) proceeds from the sale of Produce; (iv) cash; (v) any other assets commingled with proceeds of Produce; and (vi) any other assets acquired or maintained with such proceeds, cash,

assets, or other trust assets held in the Company's name (collectively the "*PACA Trust Assets*")
for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

33.     As a PACA licensee, Company served as the corporate trustee of the PACA Trust
Assets.

34.     As a person in a position of control over Company and/or the PACA Trust Assets,
Principal served as a co-trustee of the PACA Trust Assets.

35.     As a PACA licensee and trustee of the PACA Trust Assets, Company possessed a
duty to preserve the PACA Trust Assets and to protect the PACA Trust Assets from dissipation.

36.     Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust
Assets for any of the shipments of Produce listed in Exhibit C.

37.     Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully
satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

38.     Defendants failed to ensure that Company's PACA Trust Assets were freely
available to satisfy its outstanding obligations to Plaintiff or other similarly situated Produce
suppliers.

39.     At all times relevant hereto, Company lacked the liquidity or free cash flow to pay
Plaintiff for any of the shipments of Produce listed in Exhibit C.

40.     Company lacked adequate capitalization to pay Plaintiff or its other similarly
situated  Produce suppliers and to sustain any losses resulting from its inability to collect upon its
own accounts receivable.

41.     Principal improperly shifted the risk of Company's undercapitalization or bad debt
risk to Plaintiff and its other unpaid Produce suppliers.

42.     Upon information and belief, at all times relevant hereto, Company was insolvent.

43.     Upon information and belief, at all times relevant hereto, Company's liabilities exceeded its assets.

44.     Upon information and belief, Principal possessed actual and constructive knowledge of Company's insolvency.

45.     Principal failed to voluntarily cease business operations and to otherwise refrain from receiving and accepting Produce on credit while Company was either insolvent or during a time when Company's liabilities exceeded its assets, or it was unable to pay its undisputed Produce related transaction debts when they became due.

46.     As a direct result of the Company's and Principal's failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff has suffered damages which are covered under the PACA trust in an amount not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

47.     Upon information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

## COUNT II

### PACA VIOLATION: FAILURE TO MAINTAIN TRUST

### COMPANY & PRINCIPAL

48.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 30 as though fully set forth herein.

49.     Plaintiff and Company entered into a series of transactions involving Plaintiff's sale of Produce to Company and Company's purchase, receipt, and acceptance of said Produce on or about July 26, 2023, and July 28, 2023. *See* Exhibit C.

50.     At all times relevant hereto, Company lacked the liquidity or free cash flow to pay Plaintiff for the Produce transactions identified in Exhibit C.

51.     At all times relevant hereto, Company's PACA Trust Assets were not freely available to satisfy its outstanding obligations to Plaintiff or other similarly situated PACA trust beneficiaries.

52.     On information and belief, Company and Principal issued checks or otherwise made payments to various entities and individuals other than Plaintiff while Plaintiff's Produce related invoices to Company remained unpaid.

53.     Defendants' issuance of checks or other payments to entities and individuals other than its unpaid Produce suppliers, including the Plaintiff herein, while Plaintiff's Produce related invoices to Company remained unpaid is inconsistent with its obligation to maintain its PACA Trust Assets such that they are freely available to satisfy its obligations to its Produce suppliers.

54.     Principal authorized or approved Company's issuance of checks or other payments to entities and individuals other than Plaintiff while Plaintiff's Produce related invoices to Company remained unpaid.

55.     The Principal failed to object or otherwise act to prevent the Company's issuance of checks or other payments to entities and individuals other than Plaintiff while Plaintiff's Produce related invoices to Company remained unpaid.

56.     As a direct result of the Defendants' aforementioned actions and inactions, Plaintiff has incurred damages in an amount not less than $53,075.04, plus further interest at the agreed

upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

## COUNT III

### PACA Violation (Unfair Trade Practice): Failure to Promptly Pay
### 7 U.S.C. ¶ 499b(4)

### COMPANY

57.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 30 as though fully set forth herein.

58.     As a PACA licensee and dealer of Produce, Company possessed a statutory duty to promptly pay Plaintiff for any and all Produce transactions involving Plaintiff's Produce.

59.     In July of 2023, Company received and accepted two (2) shipments (i.e., truck loads) of Plaintiff's Produce in Pompano Beach, Florida.

60.     Absent a written agreement to the contrary, Company was obligated to make full payment promptly to Plaintiff within ten (10) days after the day on which the Company received and accepted each shipment Plaintiff's Produce.

61.     Company wholly failed to pay Plaintiff within the applicable payment terms that were in effect between the parties at the time of each transaction.

62.     The Produce related invoices from Plaintiff to Company, each of which is identified in Exhibit C, remains unpaid and are in default.

63.     Upon information and belief, at all times relevant hereto, Company lacked the ability to pay its creditors in the ordinary course of its business and was insolvent.

64.     As a direct result of Company's failure to pay Plaintiff within terms, Plaintiff has incurred damages in an amount not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

**COUNT IV**

**BREACH OF CONTRACT**

**COMPANY**

65.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 30 as though fully set forth herein.

66.     Plaintiff and the Company entered into multiple sales transactions, each of which are identified in Exhibit C.

67.     In each of those Produce transactions, Plaintiff agreed to sell Produce to Company and Company agreed, *inter alia*, to purchase, receive, and accept Produce from Plaintiff.

68.     Plaintiff delivered or otherwise caused all the Produce identified in Exhibit C to be tendered or otherwise delivered to the Company and has satisfied all conditions of its contract with Company.

69.     Company received and accepted all the Produce identified in Exhibit C within the State of Florida.

70.     Company failed to either object to or reject any load of Produce identified in Exhibit C within the time frame stated on the invoice included in Exhibit C.

71.     Company failed to obtain a USDA inspection of the Produce (i.e., independent inspection for quality and/or condition defects) identified in Exhibit C.

72.     Upon information and belief, Company resold all the Produce identified in <u>Exhibit C</u> to its customers.

73.     Company failed to pay or otherwise deliver good funds to Plaintiff for the shipments of Produce identified in the unpaid invoices included in <u>Exhibit C</u> within the applicable payment terms that were in effect at the time of the transactions.

74.     Upon information and belief, at all times relevant hereto, Company lacked the ability to pay its creditors in the ordinary course of business and was insolvent.

75.     Plaintiff is an unpaid supplier of Produce holding Produce related invoices to the Company that remain unpaid.

76.     As a direct result of Company's breaches of contract, Plaintiff has incurred damages in an amount not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

**COUNT V**

**<u>BREACH OF FIDUCIARY DUTY</u>**

**COMPANY**

77.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 30 as though fully set forth herein.

78.     The Defendants' duties to Plaintiff, express or implied, under PACA are in addition to any duties owed to Plaintiff that arise simply due to the existence of the parties' contractual relationship.

79.     As a PACA licensed dealer of Produce, Company possessed a statutory duty to ensure that Company performed all duties, express or implied, arising out of Company's Produce related transactions and dealings with Plaintiff.

80.    As a PACA licensed dealer of Produce, Company possessed a duty to deal with Plaintiff in good faith, which requires honesty in fact.

81.    As a trustee of the PACA trust, Company possessed a fiduciary duty to maintain its PACA Trust Assets such that they are freely available to satisfy its obligations to Plaintiff and its other similarly situated Produce suppliers.

82.    As a trustee of the PACA trust, Company possessed a fiduciary duty to preserve the PACA Trust Assets for the benefit of its PACA trust beneficiaries, such as Plaintiff herein.

83.    As a trustee of the PACA trust, Company possessed a fiduciary duty to protect the PACA Trust Assets from dissipation.

84.    As a trustee of the PACA trust, Company possessed a statutory duty to promptly pay Plaintiff, and other similarly situated Produce suppliers, in connection with every Produce related transaction.

85.    Defendants accepted those fiduciary duties owed to Plaintiff under PACA by operating as a "dealer" of Produce under PACA and accepting Produce from Plaintiff on credit.

86.    Because Company failed or refused to promptly pay Plaintiff for the Produce related transactions identified in Exhibit C, Company breached its fiduciary duty to Plaintiff under PACA.

87.    Because Company lacked the ability to pay its creditors in the ordinary course of its business and was insolvent, Company breached its fiduciary duty to Plaintiff under PACA to ensure that there were, at all times, sufficient assets available to satisfy all of its Produce related obligations to Plaintiff.

88.    Because Company issued checks or otherwise made payments to various entities and individuals other than Plaintiff while Plaintiff's Produce related invoices to Company

remained unpaid, Company breached its fiduciary duty to Plaintiff under PACA to preserve its PACA Trust Assets for the benefit of Plaintiff and not to dissipate PACA Trust Assets.

89.     Because Company purchased Produce on credit from Plaintiff when it lacked the ability to pay its creditors in the ordinary course of its business and was insolvent, Company breached its fiduciary duty to Plaintiff under PACA to deal with Plaintiff in good faith.

90.     Because Company failed to counteract or obviate the decisions its officers, managers, members, or agents, not to pay Plaintiff, Company breached its fiduciary duties to Plaintiff under PACA.

91.     As a direct result of Company's breaches of its fiduciary duties owed to Plaintiff under PACA, Plaintiff has incurred damages in an amount not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

## COUNT VI

## BREACH OF FIDUCIARY DUTY

## PRINCIPAL

92.     Plaintiff re-alleges paragraphs 1 through 12, 21 through 30, and 76 through 88 as though fully set forth herein.

93.     Principal serves alongside Company as a co-trustee of the PACA trust.

94.     As a co-trustee of the PACA Trust, Principal participated with Company in the administration and management of the PACA Trust Assets.

95.     As a co-trustee of the PACA trust, Principal owes a fiduciary duty of loyalty to act in the best interest of the PACA trust and its beneficiaries, such as Plaintiff herein, and to refrain from self-dealing.

96.     As a co-trustee of the PACA trust, Principal owes a fiduciary duty of prudence that required Principal to exercise reasonable care, skill, and caution in the management and administration of the PACA Trust Assets.

97.     As an officer, manager, or member of Company, Principal controlled and managed or was in a position to control and manage Company's operations and had control over its financial dealings.

98.     As an officer, manager, or member of Company, Principal had the authority to direct the payment of Company's operating funds and otherwise had the power to direct the application or disposition of its assets.

99.     As an officer, manager, or member of Company, Principal was in a position to influence Company's application of its operating funds and otherwise had the power to influence the application or disposition of its assets, including its PACA Trust Assets.

100.    At all times relevant to this action, Principal was an authorized signatory on Company's bank account(s) and otherwise had the power to direct the application or disposition of its assets, including its PACA Trust Assets.

101.    As an officer, manager, or member of Company, Principal was in a position to exercise judgment, discretion, and control over Company's operations and its financial dealings, which included, *inter alia*, ensuring that Company neither acted nor failed to act in any manner that could result in Company's violation of its obligations to Plaintiff under PACA.

102.    As an officer, manager, or member of Company, Principal knew or should have known of Company's failure to promptly pay Plaintiff for each shipment of Produce identified in Exhibit C.

103.    As an officer, manager, or member of Company, Principal possessed the power necessary to counteract or obviate any decision of Company, not to pay Plaintiff.

104.    Principal caused the Company to commit a breach of the PACA trust by, *inter alia*, transferring PACA Trust Assets from the Company to non-PACA trust beneficiaries in violation of its duties under the PACA.

105.    Principal knew or should have known, at the time the Company and Principal transferred PACA Trust Assets to non-PACA trust beneficiaries, Company lacked the ability to pay its PACA trust creditors and was otherwise insolvent.

106.    Because Company and Principal failed or refused to promptly pay Plaintiff for the Produce related transactions identified in Exhibit C, Principal breached his fiduciary duty to Plaintiff under PACA.

107.    Because Company and Principal lacked the ability to pay its creditors in the ordinary course of its business and was insolvent, Principal breached his fiduciary duty to Plaintiff under PACA to ensure that there were, at all times, sufficient assets available to satisfy all of its Produce related obligations to Plaintiff.

108.    Because Company and Principal issued checks or otherwise made payments to various entities and individuals other than Plaintiff while Plaintiff's Produce related invoices to Company remained unpaid, Principal breached his fiduciary duty to Plaintiff under PACA to preserve the PACA Trust Assets for the benefit of Plaintiff and not to dissipate PACA Trust Assets.

109.    Because Company and Principal purchased Produce on credit from Plaintiff when Company lacked the ability to pay its creditors in the ordinary course of its business and was insolvent, Principal breached his fiduciary duty to Plaintiff under PACA to deal with Plaintiff in good faith.

110. Because Principal failed to counteract or obviate the decisions of Company, its officers, managers, members, or agents, not to pay Plaintiff, Principal breached its fiduciary duties to Plaintiff under PACA.

111. Plaintiff is an unpaid supplier of Produce and a properly perfected PACA trust beneficiary who is entitled to immediate distribution of the Company's PACA Trust Assets by virtue of the unpaid invoices identified in Exhibit C.

112. On information and belief, persons or entities who are not PACA trust beneficiaries received PACA Trust Assets from Company subject to the Plaintiff's PACA trust claims herein.

113. As a direct result of Principal's interference with the PACA Trust Assets and the delivery of the same to the Plaintiff, the Plaintiff has incurred damages in an amount not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

## COUNT VII

## TORTIOUS INTERFERENCE WITH AN EXPECTANCY UNDER PACA

### PRINCIPAL

114. Plaintiff re-alleges paragraphs 1 through 12, 21 through 30, and 93 through 113 as though fully set forth herein.

115. Principal was responsible for or in a position of responsibility for overseeing, managing, and directing the Company's use of its PACA Trust Assets.

116. As a PACA licensed dealer of Produce, Plaintiff utilized the invoice method of preserving its rights and interests in the Company's PACA trust.

117. Because Plaintiff's preservation of its rights and interests under PACA is a standard practice utilized by Plaintiff in connection with its sale of Produce, Plaintiff possessed a reasonable

expectation that Company, as a PACA licensed dealer of Produce itself, would comply with the law and make full and payment promptly to Plaintiff for all sums owing in connection with every Produce transaction between the parties.

118.    Plaintiff expected Company to comply with the law and promptly pay Plaintiff the full amount of the unpaid invoices identified in <u>Exhibit C</u>.

119.    Principal's transfer or failure to prevent the Company's transfer of PACA Trust Assets to non-PACA trust beneficiaries (e.g., payments to Principal, payment to non-Produce vendors, payments to a secured lender, etc.) was unlawful and resulted in the diversion of those PACA Trust Assets away from Plaintiff and other similar situated PACA trust beneficiaries.

120.    Principal's transfer or failure to prevent the Company's transfer of PACA Trust Assets to non-PACA trust beneficiaries was unlawful and constituted a breach of Principal's fiduciary duty to Plaintiff.

121.    Because Plaintiff's invoices identified in <u>Exhibit C</u> remain unpaid, it is clear that Principal's transfer or failure to prevent the Company's transfer of PACA Trust Assets to non-PACA trust beneficiaries impaired Plaintiff's ability to recover money owed in connection with Plaintiff's Produce related transactions with Company.

122.    In transferring PACA Trust Assets from the Company to non-PACA trust beneficiaries, Principal damaged that property and/or interfered with its delivery to Plaintiff and other similarly situated PACA trust beneficiaries.

123.    Principal failed to ensure that Company preserved its PACA Trust Assets for the benefit of the Plaintiff and other similarly situated PACA trust creditors.

124.    Principal's negligent or intentional use of PACA Trust Assets to pay non-PACA trust beneficiaries was both wrongful and unlawful under PACA.

125.    Principal benefitted from Company's transfer of PACA Trust Assets from Company to non-PACA trust beneficiaries.

126.    As a direct result of Principal's tortious interference Plaintiff's expectancy under PACA, Plaintiff has incurred damages in an amount not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

**COUNT VIII**

**PACA VIOLATION (UNFAIR TRADE PRACTICE):**
**BREACH OF EXPRESS OR IMPLIED DUTY**
**7 U.S.C. § 499b(4)**

**DEFENDANTS**

127.    Plaintiff re-alleges paragraphs 1 through 12 and 21 through 30, and 78 through 113 as though fully set forth herein.

128.    As parties to a Produce transaction and, with respect to Company, a PACA licensed dealer of Produce, Company possessed a duty to "perform any specification or duty, express or implied, arising out of any undertaking in connection with any [Produce] transaction" with Plaintiff.

129.    As parties to a Produce transaction and, with respect to Company, a PACA licensed dealer of Produce, Company possessed a duty to "make full payment promptly" to Plaintiff.

130.    As parties to a Produce transaction and, with respect to Company, a PACA licensed dealer of Produce, Company possessed a duty to "exercise reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner."

131.    As the person identified on the Company's PACA license and the person in control of Company, Principal also owed to Plaintiff, and other similarly situated PACA trust

beneficiaries, the duties and responsibilities identified in Counts V and VI above and as set forth under PACA and Florida Law.

132.    Company's failure to promptly pay Plaintiff for the Produce transaction identified in Exhibit C constitutes a violation of an express duty under Section II of PACA.

133.    Company's failure to use reasonable care in disposing of Plaintiff's Produce (i.e., selling it to third parties and not paying Plaintiff for the same) constitutes a violation of an express duty under Section II of PACA.

134.    Company's use or disposition of any funds or the proceeds of its sale of Plaintiff's Produce in a manner that impairs or endangers Company's ability to faithfully and promptly pay Plaintiff constitutes a violation of an express duty under Section II of PACA.

135.    As a direct and proximate result of Defendants' breaches of their express and implied duties under PACA, Plaintiff has incurred damages in an amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action.

**WHEREFORE**, Plaintiff respectfully seeks the entry of an Order providing as follows:

A)    As to Count I:  (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Defendants' PACA Trust Assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff, (iii) entering an order directing Company to cease and desist all business operations unless and until the Court is completely satisfied that Company is properly capitalized, not insolvent, and able to operate in compliance with PACA, and; (iv) entering a Final Judgment in

favor of Plaintiff and against the Defendants, jointly and severally, in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action;

B)      As to Count II, entering a Final Judgment in favor of Plaintiff and against the Company, jointly and severally, for failing to maintain the PACA trust, in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

C)      As to Count III, entering a Final Judgment in favor of Plaintiff and against the Company, for failing to promptly pay Plaintiff, in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

D)      As to Count IV, entering a Final Judgment in favor of Plaintiff and against the Company for breach of contract in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

E)      As to Count V, entering a Final Judgment in favor of Plaintiff and against the Company, as trustee of the PACA trust, for a breach of its fiduciary duties to Plaintiff under PACA, in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

F)      As to Count VI, entering a Final Judgment in favor of Plaintiff and against the Company, as trustee of the PACA trust, for a breach of its fiduciary duties to Plaintiff under PACA,

in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

G)       As to Count VII, entering a Final Judgment in favor of Plaintiff and against the Principal, as a co-trustee of the PACA trust, for tortious interference with an expectancy under PACA, in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein;

H)       As to Count VIII, entering a Final Judgment in favor of Plaintiff and against the Defendants, jointly and severally, for their breach of express or implied duties under PACA in the current amount of not less than $53,075.04, plus further interest at the agreed upon rate of 1.5% per month (18% APR), and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein; and

I)       Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Dated: December 29, 2023

By: */s/Gregory M. Ohl*

COLEMAN TALLEY LLP
Mark A. Gilbert, Esq
Florida Bar No. 1013517
1 Independence Drive, Ste 3130
Jacksonville, FL 32202
Telephone: (904) 456-8949
Facsimile: (229) 333-0885
E-mail: mark.gilbert@colemantalley.com
Gregory M. Ohl, Esq.
Florida Bar No. 1039100
Telephone: (904) 456-8938
Email: gregory.ohl@colemantalley.com
*Counsel for Alex Kontos Fruit Co., Inc.*

KLINOWSKI DAMIANO LLP

Jason R. Klinowski, Esq.
Alabama Bar No. asb-3856-t61s
*Pro Hac Vice Forthcoming*
V. Walker Wells, Esq.
Alabama Bar No.asb-0509-n72w
*Pro Hac Vice Forthcoming*
P.O. Box 43404
Birmingham, Alabama 35243
Tel: (205) 644-8881
Fax: (205) 644-8489
E-mail: jklinowski@aglawyer.com
vwells@aglawyer.com
*Counsel for Alex Kontos Fruit Co., Inc.*